Pursuant to SCR 3.165, we have considered the Petition of the Inquiry Commission, the supporting documents, and the lack of a response from the Respondent, and conclude that probable cause exists to believe the Respondent has improperly dealt with funds held for others. *See* SCR 3.165(1)(a). Namely, this Court concludes that there is probable cause to believe that the Respondent, as the closing attorney for a mortgage refinancing, failed to pay $185,443.97 to Bank of America after First Federal Bank wired that amount to him for the purpose of satisfying Bank of America's existing mortgage. Therefore, the request for an order of temporary suspension is granted.

IT IS THEREFORE ORDERED that the Respondent, Scott Truesdell, whose KBA number is 87216, and whose Bar Roster Address is 2901 Richmond Road, Suite 130–115, Lexington, KY 40509, be and he is hereby temporarily suspended from the practice of law in this Commonwealth until further order of this Court.

IT IS FURTHER ORDERED THAT:

1. Within twenty (20) days from the date of entry of this Order, Respondent shall notify all clients in writing of his inability to continue to represent them, and shall furnish copies of the letters of notice to the Director of the Kentucky Bar Association;

2. Upon the issuance of this Order, Respondent shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged;

3. Disciplinary proceedings against Respondent shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Respondent resigns under terms of disbarment.

All sitting. All concur.

ENTERED: January 20, 2011.

/s/ John D. Minton Jr.
   Chief Justice

**INQUIRY COMMISSION, Movant,**

v.

**Scott TRUESDELL, Respondent.**

No. 2010–SC–000738–KB.

Supreme Court of Kentucky.

March 24, 2011.

### *ORDER OF PERMANENT DISBARMENT*

On January 20, 2011, this Court entered an Order of Temporary Suspension from the practice of law in this Commonwealth until further order of this Court against Scott Truesdell. Said suspension was ordered after considering a petition of the Inquiry Commission, together with supporting documents, and a lack of a response from Scott Truesdell. After considering the above, this Court concluded

probable cause existed to believe Scott Truesdell, as the closing attorney for a mortgage refinancing, failed to pay $185,443.97 to Bank of America after First Federal Bank wired that amount to him for the purpose of satisfying Bank of America's existing mortgage.

While this Court was considering the Inquiry Commission's petition for temporary suspension, Scott Truesdell filed a *pro se*[1] motion to withdraw his membership in the Kentucky Bar Association, pursuant to SCR 3.480(3), which applies to members under investigation, complaint, or charges of professional misconduct. In said motion, Scott Truesdell recognized that he had violated the Rules of Professional Conduct, that he was seeking to permanently withdraw from the Kentucky Bar Association under SCR 3.480(3), that he would not seek reinstatement, that SCR 3.510 and SCR 3.520 (terms as to applications for future reinstatement) would not apply to him, and that he would not practice law in the Commonwealth subsequent to the permanent disbarment order.

The Kentucky Bar Association filed a response stating that it had no objection to Scott Truesdell's withdrawal of his membership under terms of permanent disbarment. Said response also notifies this Court that other than the complaint before us, there are no other pending disciplinary actions. The Association does note that Scott Truesdell's motion does not contain the specifics of his violation of the Rules of Professional Conduct. In light of the Order of Temporary Suspension entered previously, with a recitation of facts and finding of probable cause, this Court will accept those facts as incorporated by reference in Scott Truesdell's motion to withdraw, which states it is pursuant to SCR 3.480(3), which applies when a member has engaged in unethical or unprofessional conduct. The Kentucky Bar Association also requests an order excusing the Chase Bank from compliance with a subpoena duces tecum issued December 10, 2010, if said permanent disbarment is granted.

Having considered Scott Truesdell's request to withdraw from the Kentucky Bar Association under terms of permanent disbarment, the Kentucky Bar Association's response thereto, and otherwise being advised, we hereby Grant said request. Accordingly,

IT IS HEREBY ORDERED THAT:

1. Scott Truesdell, whose KBA number is 87216, and whose Bar Roster Address is 2901 Richmond Road, Suite 130–115, Lexington, KY 40509, be and is hereby permanently disbarred from the practice of law in this Commonwealth;

2. Within twenty (20) days from the date of entry of this order of disbarment, Scott Truesdell shall notify all clients, if any, in writing of his inability to continue to represent them, and shall furnish copies of the letters of notice to the Director of the Kentucky Bar Association;

3. Upon the issuance of this order of disbarment, Scott Truesdell shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which the attorney is engaged;

4. All disciplinary investigations and pending disciplinary proceedings against Scott Truesdell shall be terminated with this order of permanent disbarment, and J.P. Morgan Chase Bank, N.A., is relieved of its obli-

---

1. Because the written request was *pro se,* the requirement of a verified motion has been substantially complied with, even though the motion itself does not contain a separate "verification" clause.

gations under the subpoena duces te-
cum issued on December 10, 2010; and

5.  Scott Truesdell shall pay all costs of
    this disciplinary investigation and pro-
    ceedings in accordance with SCR
    3.450.

All sitting. All concur.

ENTERED: March 24, 2011.

/s/ John D. Minton, Jr.
    Chief Justice